OPINION
Enrique V. Arcos, defendant-appellant, appeals the sentence imposed upon him by the Franklin County Court of Common Pleas. The trial court sentenced appellant following his guilty plea to one count of receiving stolen property, a violation of R.C. 2913.51; two counts of vandalism, a violation of R.C. 2909.05; one count of attempted felony assault, a violation of R.C. 2925.02 as it relates to R.C. 2903.11; and one count of failure to comply with an order or signal from a police officer, a violation of R.C. 2921.331.
On June 19, 2001, at approximately 3:30 a.m., a deputy with the Franklin County Sheriff's Patrol Bureau observed appellant driving a military Humvee troop transport. The deputy decided to stop the vehicle after he observed appellant driving without any headlights on. The deputy also saw a trail of smoke coming from underneath the vehicle. When the deputy activated his emergency lights atop his cruiser, appellant did not immediately stop the vehicle. However, appellant did stop the vehicle after the deputy activated his siren. The deputy exited his cruiser and approached the Humvee. The Humvee rapidly accelerated backward toward the deputy and his cruiser, but the deputy was able to avoid being struck by the Humvee. However, the Humvee backed into the front of the police cruiser causing $4,402.72 in damages to the cruiser. The deputy, thinking appellant may attempt to run over him again, fired a single shot at appellant. The shot hit the left rear tire of the Humvee as the vehicle accelerated away from the scene. Another deputy stopped appellant after he ran over two signposts and almost struck a vehicle head-on. The damage to the Humvee totaled $956.05. When the officers attempted to arrest appellant, he resisted arrest and needed to be maced.
Appellant had obtained the Humvee after climbing a ten-foot chain-link fence topped with three strands of barbed wire at the Ohio National Guard Armory in Franklin County, Ohio. Appellant started the vehicle and drove it through a set of locked gates minutes before he was seen driving the vehicle by the deputy. Appellant, an illegal alien from Mexico, claimed that he was drunk at the time of the incident and that he could not remember stealing the Humvee or crashing into the police cruiser.
On September 19, 2001, appellant pled guilty to one count of receiving stolen property, a fourth degree felony; two counts of vandalism, a fifth degree felony; one count of attempted felony assault, a third degree felony; and one count of failure to comply with an order or signal from a police officer, a fourth degree felony. In exchange for his guilty plea, the trial court entered a nolle prosequi order for three other counts alleged in his indictment. On November 30, 2001, the court sentenced appellant to serve consecutive terms of imprisonment for the fourth and fifth degree felony counts. Those counts were to be served concurrent with the court's sentence of a five-year term of imprisonment for appellant's attempted felonious assault conviction. Appellant appeals the sentence imposed by the trial court and presents the following four assignments of error:
ASSIGNMENT OF ERROR ONE
 THE TRIAL COURT ERRED IN NOT SENTENCING APPELLANT TO A COMMUNITY-BASED SANCTION.
 ASSIGNMENT OF ERROR TWO THE TRIAL COURT ERRED WHEN IT FAILED TO IMPOSE THE SHORTEST PRISON TERM AUTHORIZED FOR THE OFFENSE WHEN APPELLANT HAD NOT PREVIOUSLY SERVED A PRISON TERM AND THE TRIAL COURT FAILED TO PLACE ON THE RECORD FINDINGS WHICH WOULD HAVE ALLOWED FOR THE IMPOSITION OF A LONGER SENTENCE.
 ASSIGNMENT OF ERROR THREE THE TRIAL COURT ABUSED ITS DISCRETION BY IMPOSING THE MAXIMUM SENTENCE FOR ATTEMPTED FELONIOUS ASSAULT WITHOUT MAKING THE NECESSARY FINDING THAT APPELLANT COMMITTED THE WORST FORM OF THE OFFENSE, OR THAT APPELLANT POSED THE GREATEST LIKELIHOOD OF COMMITTING FUTURE CRIMES AND APPELLANT'S SENTENCE WAS NOT SUPPORTED BY THE RECORD.
 ASSIGNMENT OF ERROR FOUR THE TRIAL COURT IMPROPERLY IMPOSED CONSECUTIVE SENTENCES UPON APPELLANT WITHOUT MAKING THE WARRANTED FINDINGS UNDER R.C. § 2929.14(E)(4).
Appellant argues in his first assignment of error the trial court erred in not sentencing him to a community-based sanction. Appellant claims the trial court did not properly determine the amount of time he should be required to serve in prison based upon the fact that a prison term was not required pursuant to R.C. 2929.15(A)(1).
A trial court has broad discretion when sentencing within the statutory limits provided and a reviewing court may not disturb a sentence imposed by a trial court unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. State v. Scott, Franklin App. No. 01AP-801, 2002-Ohio-2251, at ¶ 7. The highest degree of offense appellant was found guilty of was a third degree felony. In determining whether to impose a prison term as a sanction for a third degree felony, the sentencing court shall comply with the purposes and principles of sentencing under R.C. 2929.11 and2929.12. R.C. 2929.13(C). In determining whether the trial court complied with the statutory requirements, this court may review the judgment entry, the transcript, and the sentencing worksheet. State v.Johnson (2001), Franklin App. No. 00AP-428.
"The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A). Pursuant to R.C. 2929.12, the sentencing court shall consider: (1) the factors relating to the seriousness of the conduct contained in R.C. 2929.12(B) and (C); (2) the factors relating to the likelihood of the offender's recidivism contained in R.C. 2929.12(D) and (E); and (3) any other factors that are relevant to achieving those purposes and principles of sentencing. State v. Buterbaugh (1999), Franklin App. No 98AP-1093, discretionary appeal not allowed (2000),87 Ohio St.3d 1490, certiorari denied, 530 U.S. 1247, 120 S.Ct. 2697.
In its judgment entry, the trial court stated that it had "considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12." However, "[a] trial court's mere assertion that it has reviewed the factors and provisions set forth in the new sentencing provisions `is not in itself a sufficient finding on the record of the court's reasoning in determining its sentence.'" Buterbaugh, supra, quoting State v. Drake (1998), Franklin App. No. 98AP-448.
During appellant's sentencing hearing, the trial court stated the following:
 There is no presumption either way on the felony of the third degree.
 I reviewed briefly the factors set forth in Senate Bill Two as prepared by the Probation Department. Factors indicating recidivism is likely, he did have a prior adjudication, apparently disorderly conduct as an adult. Failure to respond favorably to past sanctions. Recidivism unlikely. One of the factors they found is he was not an adjudicated delinquent prior to this offense.
 Factor indicating more serious is economic harm suffered by the sheriff's department * * *.
* * *
 Total restitution according to my numbers, are $5,358.77.
 And then in addition, there was attempted physical harm to the deputy sheriff involved in the attempted felonious assault.
 Therefore, I'm going to impose a sentence of five years on the Felony three, attempted felonious assault. * * *
The record shows the trial court used a sentencing worksheet that, upon review, shows it corresponds with the comments the trial court made during appellant's sentencing hearing. Therefore, after having reviewed the complete record, we find that the trial court's determination that appellant should serve a prison term is supported by the record and is not contrary to law. Appellant's first assignment of error is overruled.
Appellant argues in his second assignment of error the trial court should have imposed the shortest prison term authorized because appellant had not served a prison term. Appellant also argues the trial court failed to place on the record the necessary findings to allow the court to impose a prison term longer than the shortest prison term.
R.C. 2929.14(B) states in part:
 [I]f the court imposing a sentence upon an offender for a felony elects * * * to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense * * * unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
"[U]nless a court imposes the shortest term authorized on a felony offender who has never served a prison term, the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence." State v. Edmonson (1999), 86 Ohio St.3d 324, 326.
In the present case, the trial court sentenced appellant to serve five years in prison for his third degree felony conviction, twelve months in prison for each of his two fourth degree felony convictions, and six months in prison for each of his two fifth degree felony convictions. The shortest prison term for a third degree felony is one year. R.C.2929.14(A)(3). The shortest prison term for a fourth and fifth degree felony is six months. R.C. 2929.14(A)(4) and (5). Therefore, the trial court sentenced appellant to serve more than the shortest prison term for his third degree felony conviction and his two fourth degree felony convictions.
A review of the record shows the trial court did not make a finding that the shortest prison term will demean the seriousness of appellant's conduct or will not adequately protect the public from future crime by appellant. Accordingly, we find that the trial court's decision to impose a term of imprisonment of five years for appellant's third degree felony and twelve months for his two fourth degree felony convictions was contrary to law because the court failed to make the necessary findings. Additionally, we find that the record does not support imposing a term of imprisonment longer than the shortest prison term for the above offenses. Appellant's second assignment of error is sustained.
Appellant argues in his fourth assignment of error the trial court improperly imposed consecutive sentences upon him without making the required findings pursuant to R.C. 2929.14(E)(4). The trial court found that appellant's receiving stolen property conviction, two vandalism convictions, and failure to comply with an order or signal of a police officer should be served consecutively.
R.C. 2929.14(E)(4) states:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
In addition to making the findings pursuant to R.C. 2929.14(E)(4), the trial court must also comply with R.C. 2929.19(B)(2), which requires the sentencing court "make a finding that gives its reasons for selecting the sentences imposed."
 The requirement that a court give its reasons for selecting consecutive sentences is separate and distinct from the duty to make the findings required by R.C. 2929.14(E)(4). * * * Thus, after the court has made the required findings under R.C. 2929.14, it must then justify those findings by identifying specific reasons supporting the imposition of consecutive prison terms. * * * The findings mandated by R.C. 2929.14(E) and R.C. 2929.19(B)(2) must appear somewhere in the record of sentence, either in the judgment entry or in the transcript of the sentencing hearing. * * * A trial court's failure to sufficiently state its findings and reasons requires remand for resentencing. State v. Scott, supra, at ¶ 13. (Citations omitted.)
A review of the record shows the trial court failed to make the findings required by R.C. 2929.14(E)(4) or state its reasons as required by R.C. 2929.19(B)(2) in order to impose consecutive sentences. Therefore, we find that the trial court abused its discretion when it imposed consecutive sentences for appellant's fourth and fifth degree felonies. We also find that the record does not support the imposition of consecutive sentences for the above offenses. Appellant's fourth assignment of error is sustained.
Accordingly, appellant's first assignment of error is overruled and appellant's second and fourth assignments of error are sustained. Because of our disposition of appellant's second assignment of error, it is unnecessary for us to address the arguments raised by appellant in his third assignment of error. The judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and this case is remanded to that court for further proceedings consistent with this opinion.
Judgment affirmed in part and reversed in part; case remanded.
BROWN, LAZARUS and BOWMAN, JJ., concur.